This Summons requires you to respond.
Please see the Notice to Responding Party

ATTORNEY GENERAL

APR 16 2021

EXECUTIVE

Karthik Nadesan (10217)
NADESAN BECK P.C.
8 E. Broadway, Suite 625
Salt Lake City, Utah 84111
Telephone: (801) 363-1140
*Attorney for Plaintiff Milissa Neilson*

Server C Cal
Date 4-16-21 Time 4:15 pm
P/S
ANDERSON INVESTIGATIONS, INC #P101391
P.O. BOX 535, SLC, UT 84110  877-619-1110

# IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| MILISSA NEILSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH HEALTH HOSPITALS AND CLINICS, a governmental entity, DOES 1-10, individuals,<br><br>Defendant. | **SUMMONS**<br><br>Case No. 200906698<br><br>Judge Adam Mow |

**THE STATE OF UTAH TO:**    University of Utah Health Hospitals and Clinics
c/o President Michael Good
201 Presidents Circle, Room 203
Salt Lake City, Utah 84112

University of Utah Health Hospitals and Clinics
c/o Attorney General Sean Reyes
350 North State Street, Suite 230
Salt Lake City, Utah 84114

You are hereby summoned and required to file an answer or other response to the attached Complaint with the Clerk of the Third Judicial District Court, Salt Lake County, 450 South State Street, Salt Lake City, Utah 84111, and to serve a copy of your answer or other response upon Plaintiff's attorney, Karthik Nadesan at Nadesan Beck P.C., 8 East Broadway, Suite 625, Salt Lake City, Utah 84111, within **TWENTY-ONE (21) DAYS** after service of this Summons upon you.

If you fail to file an answer or other response to the Complaint within the time period prescribed above, judgment by default will be taken against you for the relief demanded therein. The Complaint has been filed with the Clerk of said Court and a copy of the Complaint is hereto annexed and served upon you.

DATED this 15th day of April, 2021.

                                            Nadesan Beck P.C.

                                            /s/ Karthik Nadesan
                                            Karthik Nadesan
                                            *Attorney for Plaintiff*

Bilingual Notice to Responding Party for In-State Summons (for compliance with URCP 4)

| | |
|---|---|
| A lawsuit has been filed against you. You must respond in writing by the deadline for the court to consider your side. The written response is called an Answer. | Se ha presentado una demanda en su contra. Si desea que el juez considere su lado, deberá presentar una respuesta por escrito dentro del periodo de tiempo establecido. La respuesta por escrito es conocida como la Respuesta. |
| **Deadline!** Your Answer must be filed with the court and served on the other party **within 21 days** of the date you were served with this Summons. | **¡Fecha límite para contestar!** Su Respuesta debe ser presentada en el tribunal y también con la debida entrega formal a la otra parte **dentro de 21 días** a partir de la fecha en que usted recibió la entrega formal del Citatorio. |
| If you do not file and serve your Answer by the deadline, the other party can ask the court for a default judgment. A default judgment means the other party can get what they asked for, and you do not get the chance to tell your side of the story. | Si usted no presenta una respuesta ni hace la entrega formal dentro del plazo establecido, la otra parte podrá pedirle al juez que asiente un fallo por incumplimiento. Un fallo por incumplimiento significa que la otra parte recibe lo que pidió, y usted no tendrá la oportunidad de decir su versión de los hechos. |
| **Read the complaint/petition** The Complaint or Petition has been filed with the court and explains what the other party is asking for in their lawsuit. Read it carefully. | **Lea la demanda o petición** La demanda o petición fue presentada en el tribunal y ésta explica lo que la otra parte pide. Léala cuidadosamente. |
| **Answer the complaint/petition** You must file your Answer in writing with the court **within 21 days** of the date you were served with this Summons. You can find an Answer form on the court's website: utcourts.gov/ans  Scan QR code to visit page | **Cómo responder a la demanda o petición** Usted debe presentar su Respuesta por escrito en el tribunal **dentro de 21 días** a partir de la fecha en que usted recibió la entrega formal del Citatorio. Puede encontrar el formulario para la presentación de la Respuesta en la página del tribunal: utcourts.gov/ans-span  Para accesar esta página escanee el código QR |
| **Serve the Answer on the other party** You must email, mail or hand deliver a | **Entrega formal de la respuesta a la otra parte** |

Bilingual Notice to Responding Party for In-State Summons (for compliance with URCP 4)

| | |
|---|---|
| copy of your Answer to the other party (or their attorney or licensed paralegal practitioner, if they have one) at the address shown at the top left corner of the first page of this Summons.<br><br>**Finding help**<br>The court's Finding Legal Help web page (utcourts.gov/help) provides information about the ways you can get legal help, including the Self-Help Center, reduced-fee attorneys, limited legal help and free legal clinics.  Scan QR code to visit page | Usted deberá enviar por correo electrónico, correo o entregar personalmente una copia de su Respuesta a la otra parte (o a su abogado o asistente legal, si tiene) a la dirección localizada en la esquina izquierda superior de la primera hoja del citatorio.<br><br>**Cómo encontrar ayuda legal**<br>Para información sobre maneras de obtener ayuda legal, vea nuestra página de Internet Cómo Encontrar Ayuda Legal. (utcourts.gov/help-span) Algunas maneras de obtener ayuda legal son por medio de una visita a un taller jurídico gratuito, o mediante el Centro de Ayuda. También hay ayuda legal a precios de descuento y consejo legal breve. Para accesar esta página escanee el código QR |

 بالمسح قم لرمز الضوئي الصفحة لزيارة

An Arabic version of this document is available on the court's website:
نسخة عربية من هذه الوثيقة على موقع المحكمة على الإنترنت:ت وجد
utcourts.gov/arabic

A Simplified Chinese version of this document is available on the court's website:
本文件的简体中文版可在法院网站上找到：
utcourts.gov/chinese  请扫描QR码访问网页

A Vietnamese version of this document is available on the court's website:
Một bản tiếng Việt của tài liệu này có sẵn trên trang web của tòa:
utcourts.gov/viet  Xin vui lòng quét mã QR (Trả lời nhanh)để viếng trang

Karthik Nadesan (10217)
NADESAN BECK P.C.
8 E. Broadway, Suite 625
Salt Lake City, Utah 84111
Telephone: (801) 363-1140
*Attorney for Plaintiff Milissa Neilson*

## IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| MILISSA NEILSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH HEALTH HOSPITALS AND CLINICS, a governmental entity, DOES 1-10, individuals,<br><br>Defendant. | **COMPLAINT**<br><br>Case No. _____<br><br>Judge _____ |

Plaintiff Milissa Neilson, through counsel, complain against Defendant University of Utah Health Hospitals and Clinics (the "University") and Does 1-10 as follows:

### PARTIES, JURISDICTION, & VENUE

1. Plaintiff Milissa Neilson is an individual residing in Davis County.

2. Defendant University of Utah Hospital and Health Clinics is a governmental entity and is part of the State of Utah.

3. Defendants Does 1-10 are employees of the University.

4. This Court has subject matter jurisdiction over this action pursuant to Utah Code § 63G-7-501(1).

5. Venue is proper in this Court pursuant to Utah Code § 63G-7-502.

## GENERAL ALLEGATIONS

6. Plaintiff realleges and incorporates the preceding paragraphs of this Complaint.

7. Due to complications from lasik surgery and malpractice, Ms. Neilson suffers from impaired vision and clinical depression.

8. Ms. Neilson received mental health care from the University of Utah beginning in approximately 2013.

9. In addition, Ms. Neilson received treatment for her vision from the University of Utah beginning in approximately 2015.

10. From 2015 onwards, Ms. Neilson began requesting complete copies of her medical records related to treatment of her vision from the University.

11. Ms. Neilson did not request or ever authorize release of her mental health treatment records.

12. However, the University would either refuse to respond to Ms. Neilson's requests or would provide her with incomplete copies of the medical records related to treatment of her vision.

13. In addition, when Ms. Neilson asked for reasonable accommodations in requesting her medical records due to her disabling conditions of impaired vision and clinical depression, such as being allowed to request records remotely rather than in person, the University refused to provide Ms. Neilson with any accommodations.

14. When Ms. Neilson complained to the University about its failure to provide her with her complete medical records for treatment of her vision, the University claimed that it had done nothing wrong and still delayed in providing Ms. Neilson with a complete copy of the requested records.

15. In October 2018, Ms. Neilson finally received a copy of all of her medical records related to the treatment of her vision at the University of Utah.

16. On review of the records, Ms. Neilson discovered numerous errors, omissions, alterations, and modifications in her medical records, including:

(a) Email correspondence between Ms. Neilson and her health care providers had been deleted;

(b) Content in the medical records had been modified, including manipulation of dates, patient IDs, headers, and footers;

(c) Some of the manipulation occurred shortly after Ms. Neilson had made internal complaints to the University of Utah regarding discrimination, retaliation, and malpractice and appeared intended to conceal evidence supporting Ms. Neilson's complaints;

(d) Unauthorized individuals had been able to access Ms. Neilson's medical records, including her mental health records;

(e) Ms. Neilson's mental health records had been combined with her other medical records so that they were accessible by individuals not involved in providing mental health treatment to Ms. Neilson;

(f) The University of Utah had maintained multiple inconsistent sets of medical records for Ms. Neilson;

(g) Some of Ms. Neilson's medical records had not been scanned into the University of Utah's records system or had been scanned long periods of time after they were generated so that they were not accessible to Ms. Neilson's healthcare providers during her treatment;

(h) Footers, headers, and dates of services in the medical records were inconsistent or inaccurate;

(i) Content of some medical records appeared to have been omitted or deleted;

(j) The medical records had been printed out on multiple occasions despite Ms. Neilson's medical providers never printing out her records and always accessing them electronically;

(k) A release claimed that a set of Ms. Neilson's medical records had been given to Ms. Neilson's husband when he had never requested or received any medical records from the University of Utah;

(l) A blank signed release for Ms. Neilson's medical records was present despite Ms. Neilson never having signed such a blank release;

(m) Partially completed releases for Ms. Neilson's medical records existed and had never been scanned into the records system despite Ms. Neilson never signing such releases;

(n) Medical records for inpatient psychiatric hospitalization in a locked ward had been inserted and modified so that they appeared to be for Ms. Neilson, despite the fact that Ms. Neilson had never received such treatment;

(o) Medical records for patients other than Ms. Neilson had been modified so that they appeared to be for Ms. Neilson;

(p) Medical records showed Ms. Neilson being prescribed medications that she had never been prescribed;

(q) Medical records contained notes from treatments that Ms. Neilson had never received;

(r) Forms allegedly completed by Ms. Neilson were not, in fact, completed by her;

(s) Medical records and forms requiring notarizations or witness signatures were missing notarizations and signatures;

(t) Medical records showed that some of Ms. Neilson's health care providers had printed out her records when those health care providers had never do so;

(u) Medical records had sections intentionally whited out so that information was missing;

17. The above alterations, errors, omissions, and modifications were the result of either negligence or, alternatively, an intentional effort by Does 1-10 to conceal evidence of malpractice by either the University or third-party medical providers.

18. As a result of the alterations, errors, omissions, and modifications, Ms. Neilson was not able to receive appropriate medical care from other providers, had her patient confidentiality breached, and sustained significant damage to her reputation and credibility.

19. Ms. Neilson timely served notice of her claim on the University of Utah via certified mail in October 2019 pursuant to the Utah Governmental Immunity Act.

## FIRST CAUSE OF ACTION
### (NEGLIGENCE)

20. Plaintiff realleges the allegations set forth in paragraphs 1 through 19 above as set forth fully herein.

21. Pursuant to federal and state law, the University and Does 1-10 had a duty to Ms. Neilson to prepare and maintain accurate medical records, prevent unauthorized access and release of those records, prevent unauthorized tampering or modification of the records, segregate and maintain additional security for mental health records, and provide Ms. Neilson and her medical providers with timely access to the accurate, complete records.

22. The University and Does 1-10 breached their duties to Ms. Neilson by, among other things: 1) wrongly modifying and deleting Ms. Neilson's medical records; 2) failing to appropriately maintain and safeguard Ms. Neilson's medical records; 3) allowing the unauthorized access and release of Ms. Neilson's medical records; 4) allowing false and incorrect information to be placed in Ms. Neilson's medical records, including information falsely claiming that Ms. Neilson had received inpatient psychiatric care in a locked ward; 5)

wrongly combining Ms. Neilson's mental health treatment records with her medical records from other providers; 6) releasing Ms. Neilson's mental health treatment records to unauthorized parties; 7) failing to release Ms. Neilson's medical records to Ms. Neilson in a timely manner; 8) failing to timely release all relevant medical records to Ms. Neilson's non-University of Utah medical providers; and 9) modifying or concealing Ms. Neilson's medical records for improper purposes.

23. As a result of these breaches, Ms. Neilson was deprived of adequate and timely medical treatment, sustained damage to her reputation and credibility, and suffered emotional distress and suffering.

24. As a result of the breaches described above, Ms. Neilson is entitled to recover her damages in an amount to be determined at trial. distress and suffering.

25. Lastly, Ms. Neilson is entitled to an injunction requiring the University to correct, segregate, and properly safeguard Ms. Neilson's records.

## SECOND CAUSE OF ACTION
### (BREACH OF FIDUCIARY DUTY)

26. Plaintiff realleges the allegations set forth in paragraphs 1 through 25 above as set forth fully herein.

27. Pursuant to federal and state law, the University and Does 1-10 had a fiduciary duty to Ms. Neilson to prepare and maintain accurate medical records, prevent unauthorized access and release of those records, prevent unauthorized tampering or modification of the records, segregate and safeguard mental health records, and provide Ms. Neilson and her medical providers with timely access to the accurate, complete records.

28. The University and Does 1-10 breached their duties to Ms. Neilson by, among other things: 1) wrongly modifying and deleting Ms. Neilson's medical records; 2) failing to

appropriately maintain and safeguard Ms. Neilson's medical records; 3) allowing the unauthorized access and release of Ms. Neilson's medical records; 4) allowing false and incorrect information to be placed in Ms. Neilson's medical records, including information falsely claiming that Ms. Neilson had received inpatient psychiatric care in a locked ward; 5) wrongly combining Ms. Neilson's mental health treatment records with her medical records from other providers; 6) releasing Ms. Neilson's mental health treatment records to unauthorized parties; 7) failing to release Ms. Neilson's medical records to Ms. Neilson in a timely manner; 8) failing to timely release all relevant medical records to Ms. Neilson's non-University of Utah medical providers; and 9) modifying or concealing Ms. Neilson's medical records for improper purposes.

29. As a result of these breaches, Ms. Neilson was deprived of adequate and timely medical treatment, sustained damage to her reputation and credibility, and suffered emotional distress and suffering.

30. As a result of the breaches described above, Ms. Neilson is entitled to recover her damages in an amount to be determined at trial.

31. In addition, Ms. Neilson is entitled to recover attorney fees and costs incurred in bringing this action.

32. Lastly, Ms. Neilson is entitled to an injunction requiring the University to correct, segregate, and properly safeguard Ms. Neilson's records.

### THIRD CAUSE OF ACTION
(VIOLATION OF ADA)

33. Plaintiff realleges the allegations set forth in paragraphs 1 through 32 above as set forth fully herein.

34. Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132 *et seq.* (the "ADA"), requires that "no qualified individual with a disability shall, by reason of such disability, be … denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity."

35. Ms. Neilson suffers from a qualified disability as a result of her impaired vision and clinical depression.

36. Ms. Neilson sought reasonable accommodations from the University in requesting her medical records due to her disabilities.

37. The University refused to provide Ms. Neilson with any accommodation and retaliated against Ms. Neilson by cutting off electronic access to her medical records.

38. As a result, the University violated its obligations to Ms. Neilson under the ADA.

39. Due to the University's violations of the ADA, Ms. Neilson has been deprived of adequate and timely medical treatment, sustained damage to her reputation and credibility, and suffered emotional distress and suffering.

40. As a result of the breaches described above, Ms. Neilson is entitled to recover her damages in an amount to be determined at trial, including punitive damages, as well as her costs and attorney fees.

### FOURTH CAUSE OF ACTION
(DEFAMATION)

41. Plaintiff realleges the allegations set forth in paragraphs 1 through 40 above as set forth fully herein.

42. Does 1-10 falsely published statements claiming, among other things, that Ms. Neilson had been hospitalized in a locked ward for inpatient psychiatric patients.

43. Does 1-10 knew the statements were false at the time they were published.

44. Does 1-10 published the statements intentionally, willfully, and recklessly

45. The statements are defamatory per se or, in the alternative, directly impugn Ms. Neilson's integrity, virtue, and reputation and expose Ms. Neilson to public hatred, contempt, and ridicule.

46. Publication of the statements has caused Ms. Neilson to suffer special damages, including loss of her reputation and credibility, in an amount to be proven at trial.

47. Accordingly, Ms. Neilson is entitled to judgment for damages, including punitive damages, against Does 1-10 for defamation in an amount to be determined at trial, payment of special damages, plus pre- and post-judgment interest, plus costs, plus punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Milissa Neilson prays for judgment in her favor and against Defendants as follows:

1. As to the first cause of action, for judgment for negligence against Defendants and in favor of Plaintiff in an amount to be determined at trial, plus reasonable costs and attorneys' fees. In addition, Ms. Neilson is entitled to an injunction requiring the University to correct, segregate, and properly safeguard Ms. Neilson's records.

2. As to the second cause of action, for judgment for breach of fiduciary duty against Defendants and in favor of Plaintiff in an amount that will be proven at trial, plus reasonable costs. In addition, Ms. Neilson is entitled to an injunction requiring the University to correct, segregate, and properly safeguard Ms. Neilson's records.

3. As to the third cause of action, for judgment for violation of the ADA against the Defendants and in favor of Plaintiff in an amount that will be proven at trial, plus costs, plus attorneys' fees, plus punitive damages.

4. As to the fourth cause of action, for defamation against the Does 1-10 and in favor of Plaintiff in an amount that will be proven at trial, plus costs, plus punitive damages.

5. For such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 22nd day of October, 2020.

                                      NADESAN BECK P.C.

                                      /s/ Karthik Nadesan
                                      Karthik Nadesan
                                      *Attorney for Plaintiff Milissa Neilson*